SPECTOR, Justice.
The State has filed a motion to dismiss this appeal from an order denying appellant’s motion to vacate the judgment and sentence in a forcible rape case pursuant to Criminal Procedure Rule 1.850, 33 F.S.A.
The ground advanced for dismissal is appellant’s failure to file his brief within the time required by Florida Appellate Rule 6.11, subd. b, 32 F.S.A. Attached to the State’s motion is a copy of a letter to appellant from State’s counsel advising that dismissal will be sought if the brief is not filed ten days thereafter. The State’s counsel is not obligated to remind or importune a convicted criminal to follow the procedural rules prescribed for the orderly administration of appellate matters. Yet, out of a sense of commendable courtesy and justice, it has done so in this case. Nonetheless, appellant has chosen to ignore the reminder and has not filed the required brief. Accordingly, we hold that the State’s ground for dismissal is well founded and justifies the granting of its motion.
Notwithstanding that a dismissal is justified herein on procedural grounds as above noted, the court has reviewed the record on appeal which has been filed and examined the case on its full merits to determine whether there exist any errors in the order here under review. We find none.
The record reveals that appellant pled guilty to a charge of forcible rape. He was represented by court appointed counsel at the time he entered his guilty plea. The able trial judge questioned the appellant before the plea was accepted to determine whether it was freely and voluntarily given, and having satisfied himself as to this he accepted appellant’s guilty plea. The record reveals that appellant’s parent was notified of the trouble he was in by being sent notice of the charges and date of trial by registered mail receipted for by the father. Upon sentencing the appellant to life imprisonment, the trial judge advised him of the right to appeal but no direct appeal was taken, the instant collateral proceeding being the first appearance of appellant’s case in our court.
In considering appellant’s motion to vacate, the trial judge fully reviewed appellant’s trial proceedings in light of the contentions made by the motion to vacate and found them to be without merit and thereupon entered his order of denial which we presently have before us for review.
We agree with the able trial judge. No error was made which would serve as the basis for vacating appellant’s conviction and sentence. He freely and voluntarily entered a plea of guilty to the commission of a crime so heinous that its prevention has been made by statute the basis of justifiable homicide in a proper case when the same is being perpetrated upon one’s wife, mother, sister or daughter. See Section 782.02(2) (b), Florida Statutes, F.S.A.
It seems to us that appellant has received each and every benefit of the protective devices available to him by our laws. Certainly he has been afforded far more due process than was his victim.
Affirmed.
CARROLL, DONALD K., Acting C. J., and WIGGINTON, J., concur.